## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PILOTS ASSOCIATION,<br>14600 Trinity Boulevard<br>Fort Worth, TX 76155<br><br>                    Plaintiff,<br><br>        v.<br><br>AMERICAN AIRLINES, Inc.<br>4333 Amon Carter Boulevard<br>Fort Worth, TX 76155<br>                    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case: 1:08-cv-00191<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 2/1/2008<br>Description: Labor-ERISA |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Allied Pilots Association ("APA"), the certified collective bargaining representative of pilots employed by defendant American Airlines, Inc. ("American"), brings this Complaint seeking to enjoin American's violation of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, ("RLA").

## THE NATURE OF THE CASE

1. This is an action for declaratory and injunctive relief to preserve the status quo with respect to wages and working conditions mandated by the RLA during negotiations for a successor labor contract. The collective bargaining agreement between the APA and American (commonly known as the "Green Book"), which provides the terms and conditions of employment for pilots employed by American, requires that pilots be paid for non-duty time spent in training. In recognition of that requirement and as part of the negotiations currently under way concerning a successor contract to the Green Book, American has proposed to the APA a modification of the Green Book to implement a "Distance Learning" program to be

completed by pilots outside of their duty hours and a pay scale to compensate the pilots for

engaging in the program. However, American has recently unilaterally made that program

mandatory in advance of any agreement with the APA as to compensation for such training. In

so doing, American has unilaterally changed the terms of the Green Book and thereby violated

the "status quo" imposed on both parties to the agreement during negotiations under Section 6 of

the RLA. 45 U.S.C. § 156. The APA seeks an injunction to put a stop to American's violation

of the RLA's dispute resolution requirements.

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1337 because it arises under the RLA, a federal statute affecting interstate commerce.

3.       Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c)

because American does business in this judicial district and is subject to personal jurisdiction in

this district.

## THE PARTIES

4.       Plaintiff APA is an unincorporated association and labor union which has been

duly certified by the National Mediation Board as the collective bargaining representative of

airline pilots employed by defendant American and is therefore a "representative" under the

RLA. 45 U.S.C. § 151, Sixth. The APA's headquarters are located in Fort Worth, Texas. APA

does business in and has substantial contacts with the District of Columbia.

5.       Defendant American is a Delaware corporation and a "common carrier by air

engaged in interstate and foreign commerce" within the meaning of the RLA. 45 U.S.C. § 181.

2

American's headquarters are located in Fort Worth, Texas. American does substantial business in and has offices in the District of Columbia.

## GENERAL ALLEGATIONS

6.    Over the years, the APA and American have entered into a series of collective bargaining agreements, commonly known as the "Green Book," which have provided the terms and conditions of employment for pilots at American. The most recent Green Book went into effect on May 1, 2003, and becomes amendable on May 1, 2008.

7.    As did its predecessors, the current Green Book defines in detail the training requirements for pilots and the compensation American is required to pay the pilots for non-duty time spent in training.

8.    The current Green Book expressly provides that negotiations for a successor agreement would commence at any time after May 1, 2006, upon notice by one of the contracting parties and that the negotiations would be governed by Section 6 of the RLA, 45 U.S.C. § 156. American lodged the requisite notice on or about July 21, 2006, thereby triggering Section 6 negotiations.

9.    On May 3, 2007, as part of those negotiations, American transmitted to APA a proposal to amend the Green Book to provide for "Distance Learning," a computerized training program conducted "without a classroom, instructor in a classroom, flight training device, simulator or aircraft" and which "cannot be completed in conjunction with the normal course of preparing for flight." Consistent with the Green Book's compensation requirements for training, American included in its proposal a proposed compensation system to govern Distance Learning.

3

10.     APA made a counter offer in response to American's proposal on or about October 24, 2007, proposing, inter alia, higher pay rates for Distance Learning training.

11.     As of this date, the parties have not reached agreement with respect to American's Distance Learning proposal.

12.     On or about November 12, 2007, and with the Distance Learning negotiations still ongoing, American unilaterally modified its Flight Manual to require Distance Learning: specifically, a requirement that pilots complete certain computerized "Airport Familiarization Modules" for specified airports on their own time, prior to any assignment to fly into those airports and without pay.

13.     As a result of the change, American has unilaterally imposed an uncompensated Distance Learning training requirement on pilots during negotiations governed by Section 6 of the RLA, even though negotiations over the Distance Learning program are still ongoing and have yet to produce an agreement.

14.     Although the APA has protested American's action as a violation of Section 6's requirements prohibiting such unilateral modifications of collective bargaining agreements during the Section 6 negotiation period, American has refused to rescind its action, thereby undermining the RLA's longstanding dispute resolution requirements.

## CAUSE OF ACTION

## VIOLATION OF RLA SECTION 6

15.     The APA realleges and incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as if fully restated herein.

16.     Section 2, First of the RLA imposes upon both carriers and unions alike an obligation to undertake "every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes . . . in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof." 45 U.S.C. § 152, First.  That duty is "the heart of the Railway Labor Act." *Brotherhood of Railway Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 377-378 (1969).

17.     In order to achieve that end and thereby protect both the bargaining parties and the public at large, the RLA provides detailed, multi-step procedures to be followed regarding any "intended change in agreements affecting rates of pay, rules, or working conditions[.]"  45 U.S.C. §§ 152, Seventh, 156.  In particular, the RLA imposes a "status quo" requirement on parties to a collective bargaining agreement, such as American and APA, prohibiting either from making any unilateral changes to the contractual "status quo" until the RLA's dispute resolution scheme is exhausted. *Id.*

18.     Although American is aware of the requirements of Section 6 and, accordingly, made a proposal to modify the Green Book to accommodate its Distance Learning program, its unilateral modification of the Flight Manual makes Distance Learning mandatory notwithstanding the fact that the parties have not yet reached agreement on the proposal.

19.     Therefore, and notwithstanding the "status quo" requirements of Section 6 of the RLA, American has unilaterally altered its collective bargaining agreement with the APA without exhausting the dispute resolution processes of Section 6.

5

20. American's action constitutes a direct violation of the RLA, undermines the APA and its members' rights under the dispute resolution procedures of the RLA and threatens the public interest as expressly identified and enunciated in the RLA.

21. As a result of American's violation, the APA and its members and the public at large have and will continue to suffer significant and irreparable harm.

22. Requiring American to abide by the requirements of the RLA, however, will impose no colorable harm on American.


**WHEREFORE,** plaintiff Allied Pilots Association prays that this Court:

(a) Grant judgment in favor of APA, declaring that American has violated the RLA, 45 U.S.C. § 151, *et seq.*, by unilaterally changing the terms and conditions of employment for American pilots represented by the APA during negotiations governed by Section 6 of the RLA, 45 U.S.C. §§ 152, Seventh, 156;

(b) Issue a preliminary injunction enjoining American from implementing its unilateral alteration of its collective bargaining agreement with the APA until the dispute-resolution processes of the RLA have been exhausted;

(c) Issue a permanent injunction enjoining American from implementing its unilateral alteration of its collective bargaining agreement with the APA until the dispute-resolution processes of the RLA have been exhausted.

(d) Award the APA the costs it incurs in pursuing this case, including its attorneys fees; and

(e) Award such other relief as the Court deems just and proper.

6

Respectfully submitted,

Steven K. Hoffman
D.C. Bar Number 384696
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C.  20036
(202) 496-0500

Attorney for Allied Pilots Association

Dated: February 1, 2008

7

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

ALLIED PILOTS ASSOCIATION
14600 Trinity Boulevard
Fort Worth, TX 76155

**DEFENDANTS**

AMERICAN AIRLINES, INC.
4333 Amon Carter Boulevard
Fort Worth, TX 76155

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF        88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)        88888
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven K. Hoffman
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036-4748
202-496-0500

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN X IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**        OR        ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC  7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ⊙ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☒ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§ 1331, 1337 for violation of status quo requirements of the Railway Labor Act, 45 U.S.C. § 151 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ [____] Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  February 1, 2008    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.