IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PILOTS ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN AIRLINES INC., )<br>)<br>Defendant. )<br>) | Case No. 1:08-cv-00191-EGS |

## ANSWER OF DEFENDANT AMERICAN AIRLINES, INC.

Defendant American Airlines, Inc. ("Defendant" or "American") by and through its undersigned counsel, Morgan, Lewis and Bockius, LLP, hereby answer the Plaintiff's Complaint For Declaratory And Injunctive Relief ("Complaint") according to the numbered paragraphs thereof, as follows:

## NATURE OF THE CASE

1.  Paragraph 1 is a description of the nature of the case to which no response is necessary. To the extent an answer is deemed necessary, Defendant answers the allegations of Plaintiff Allied Pilots Association ("Plaintiff" or "APA") as follows. In response to the first sentence of Paragraph 1, Defendant admits that the parties are in negotiations for a successor labor contract, but denies that there has been any change in the status quo under the Railway Labor Act ("RLA"), 45 U.S.C. §§151 et seq. that would support declaratory or injunctive relief. In response to the second sentence of Paragraph 1, Defendant admits that there is a collective bargaining agreement ("CBA") between American and APA, which is known as the "Green Book" and which sets terms and

conditions of employment for pilots employed by American, but denies that the CBA requires pay for all non-duty time spent in activity that APA describes as "training."  In response to the third sentence of Paragraph 1, Defendant admits that in negotiations for a successor contract to the Green Book, American has made a proposal concerning pay for pilot activity identified as "Distance Learning," but denies the remaining allegations of that sentence.  In response to the fourth sentence of Paragraph 1, Defendant denies that it has made any new "Distance Learning" program mandatory in advance of an agreement with APA concerning compensation for a new "Distance Learning" program.  In response to the fifth sentence of Paragraph 1, Defendant denies all allegations and legal conclusions stated therein.  In response to the sixth sentence of Paragraph 1, Defendant denies any violation of the RLA dispute resolution procedures and any basis for the injunction APA seeks.  Defendant denies any remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Defendant denies that the Court has jurisdiction under the RLA of the dispute described in the Complaint.

3. Defendant admits venue in this judicial district.

## THE PARTIES

4. Admitted.

5. Admitted.

## GENERAL ALLEGATIONS

6. Admitted.

7. Defendant admits that the Green Book contains provisions that address the subjects of scheduling of training, compensation for training, transportation to and from

training, and notice to the APA of changes in the training program.  Defendant denies that the CBA defines the training requirements for pilots, which are established by American in compliance with Federal Aviation Administration ("FAA") requirements and have not been collectively-bargained under the RLA, and denies the remaining allegations of Paragraph 7.  Defendant avers that there is a contractual past practice concerning what pilot activities are compensated as training within the provisions of the CBA.

8.      Admitted.

9.      Defendant admits that on May 3, 2007, as part of negotiations, American's representatives presented to APA's representatives a written proposal on "Distance Learning," the terms of which speak for itself.  Defendant admits that the proposal described "Distance Learning" as including "training material the Company requires a pilot to complete that cannot be completed in conjunction with the normal course of preparing for flight."  Defendant further admits that the May 3, 2007, written proposal on "Distance Learning," included American's proposal for compensation for such activity.  Defendant also avers that on May 3, 2007, outside of negotiations under Section 6 of the RLA, 45 U.S.C. § 156, American communicated to APA a proposal to settle an outstanding grievance, APA Presidential Grievance 06-021, which dealt with compensation for time spent on Airport Familiarization programs.  Defendant further avers that APA Presidential Grievance 06-021 was filed by APA on May 3, 2006, prior to the commencement of Section 6 negotiations.  Defendant denies the remaining allegations of Paragraph 9.

1-WA/2929862.4

10. Defendant admits that APA made a written counterproposal to American on Distance Learning, the terms of which speak for itself.

11. Defendant admits that the parties have not reached agreement on American's May 3, 2007, proposal with respect to "Distance Learning."

12. Defendant avers that on October 3, 2007, American communicated to APA a draft of Revision 97 to the American Airlines Flight Manual Part 1.  Defendant admits that Revision 97 to the American Airlines Flight Manual Part 1 was effective November 12, 2007, while the parties continued negotiations under Section 6 of the RLA.  Defendant further admits that American "unilaterally modified its Flight Manual" with Revision 97, as with all 96 prior revisions to the Flight Manual, since the Flight Manual is not a collectively-bargained document.  Defendant avers that Revision 97 addresses pilot review of computer Airport Familiarization Modules as part of preparation for flight or reserve duty in those circumstances where Federal Aviation Administration regulations (14 CFR Part 121, Subpart O - Crewmember Qualifications, 121.445) require airport familiarization as part preparation for flying to a specific airport.  Defendant denies that Revision 97 requires "Distance Learning" or relates in any way to American's May 3, 2007, proposal concerning "Distance Learning."

13. Defendant denies the allegations of Paragraph 13.  Defendant further avers that pilot review of materials as part of Federal Aviation Administration-mandated Airport Familiarization has been a long standing requirement and that American has an established past practice under the CBA of not compensating pilots for off duty time spent reviewing Airport Familiarization materials in paper, photographic, and/or video format.  Defendant further avers that the computer Airport Familiarization Modules that

are addressed in Revision 97 were implemented by American prior to the initiation of Section 6 negotiations, which occurred on or about July 21, 2006.  Defendant further avers that on May 3, 2006, APA filed Presidential Grievance 06-021, claiming that by not paying pilots for time spent reviewing computer Airport Familiarization Modules, American was violating the existing collective bargaining agreement.

14.     Defendant admits that on October 10, 2007, American received an October 5, 2007 letter from APA President Captain Lloyd Hill to American VP Flight Mark Hettermann protesting Revision 97, drafts of which had been shared with APA representatives prior to finalization.  Defendant avers that on November 13, 2007, by letter from Dennis Newgren, Managing Director, Employee Relations – Flight, to Captain Lloyd Hill, American advised APA that American's May 3, 2007 Distance Learning proposal "specifically excluded 'information materials such as manual updates, flight crew bulletins, flight operations bulletins or review of any such materials directly associated with preflight planning, briefing, or operation of a flight.'  Clearly, the Airport Familiarization Module is part of a pilot's FAA qualification requirements and preparation for flight; it is not training.  As such, the Distant Learning proposal and the Airport Familiarization Module are completely separate subjects."  Defendant denies the remaining allegations of Paragraph 14.

## CAUSE OF ACTION

15.     Defendant incorporates by reference and repeats its answers to Paragraphs 1 through 14 as set forth above.

16. Paragraph 16 sets forth a statement of law to which no response is necessary. To the extent an answer is deemed necessary, Defendant denies any violation of the provisions of the RLA described in Paragraph 16.

17. Paragraph 17 sets forth a statement of law to which no response is necessary. To the extent an answer is deemed necessary, Defendant denies any violation of the provisions of the RLA described in Paragraph 17.

18. Defendant admits that it is aware of the requirements of Section 6 of the RLA, but denies the remaining allegations of Paragraph 18.

19. Denied.

20. Denied

21. Denied.

22. Denied.

WHEREFORE, Defendant further denies each and every allegation in Paragraphs 1 through 22 of the Complaint not specifically admitted herein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief as requested in Paragraphs (a) through (e) of its requested relief and further denies any factual allegations contained therein. Defendant requests that Plaintiff's requested relief be denied, that this Court grant judgment in favor of Defendant, and that Defendant be awarded its costs and attorneys' fees expended in the defense of this action and such other relief as this Court may deem appropriate.

1-WA/2929862.4

## **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

    The Court lacks jurisdiction of this dispute under the Railway Labor Act, 45 U.S.C. § 151 et seq., because this is a minor dispute within the exclusive jurisdiction of the System Board of Adjustment pursuant to 45 U.S.C. § 184.

SECOND AFFIRMATIVE DEFENSE

    Plaintiff fails to state a claim upon which relief can be granted under the Railway Labor Act, 45 U.S.C. Section 151 et seq..

THIRD AFFIRMATIVE DEFENSE

    Plaintiff has failed to exhaust available administrative remedies pursuant to the Railway Labor Act, 45 U.S.C. § 151 et seq..

FOURTH AFFIRMATIVE DEFENSE

    Plaintiff has unclean hands and is not entitled to any equitable relief pursuant to the Norris LaGuardia Act, 29 U.S.C. § 108.

Dated: February 26, 2008                                  Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s/ Thomas E. Reinert, Jr. |
| Francis C. Heil | Thomas E. Reinert, Jr. (D.C. Bar # 336867) |
| American Airlines, Inc. | Jonathan C. Fritts (D.C. Bar # 464011) |
| 4333 Amon Carter Blvd., MD 5675 | Russell R. Bruch (D.C. Bar # 503288) |
| Fort Worth, TX 76155 | MORGAN, LEWIS & BOCKIUS LLP |
| | 1111 Pennsylvania Ave., N.W. |
| | Washington, DC  20004 |
| | (202) 739-5084 |
| | Fax: (202) 739-30001 |
| | Email: treinert@morganlewis.com |
| | |
| | Counsel for Defendant |
| | AMERICAN AIRLINES, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2008, I caused a true and correct copy of the foregoing Answer of Defendants American Airlines, Inc. to Plaintiff's Complaint For Declaratory And Injunctive Relief to be served by first class mail, postage prepaid, on the following counsel of record:

>Steven K. Hoffman
>JAMES & HOFFMAN
>1101 17th Street, NW
>Suite 510
>Washington, DC 20036
>(202) 496-0500
>Fax: (202) 496-0555
>Email: skhoffman@jamhoff.com

/s/ Thomas E. Reinert, Jr.
Thomas E. Reinert, Jr.

1-WA/2929862.4